IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff,** v. NASHALIE SAMARY RODRÍGUEZ-BERMÚDEZ, **Defendant.** | **Criminal No.** 21-484 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The Court denied defendant Nashalie Samary Rodríguez-Bermúdez ("Rodríguez")'s motion for bail pending appeal on April 17, 2023. See Docket Nos. 95 and 100. The First Circuit Court of Appeals requests, however, that the Court "enter a statement of reasons" regarding this disposition. United States v. Rodríguez-Bermúdez, Case No. 23-1259 (1st Cir. Jan. 16, 2024) (Order); (District Court Docket No. 114). For the reasons set forth below, Rodríguez's motion for bail pending appeal is **DENIED**.

**I.  Background**

On December 15, 2021, a grand jury charged Rodríguez with conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. sections 841(a)(1) and 846 (count one), and possession with intent to distribute cocaine in

violation of 21 U.S.C. section 841(a)(1) (count two). (Docket No. 9.) She pled guilty to both counts of the indictment on July 7, 2022. (Docket No. 45.) This Court subsequently imposed 46-month terms of imprisonment as to counts one and two, to be served concurrently. (Docket No. 86.)

Rodríguez filed a notice of appeal on March 8, 2023. (Docket No. 88.) She then moved for bail pending appeal, contending that the Court "imposed a procedurally and substantively unreasonable sentence of 46 months, while declining to determine whether [she] was a minimal participant in the offense." (Docket No. 95 at p. 4.) The Court denied this motion. (Docket No. 100.)

Nine months later, Rodríguez filed an appeal before the First Circuit Court of Appeals, citing a "high likelihood of a non-custodial or significantly reduced sentence." Rodríguez-Bermúdez, Case No. 23-1259 (1st Cir. Jan. 19, 2024) (Appellant's Motion for Bail Pending Appeal at p. 12). The First Circuit Court of Appeals then remanded this "matter for the limited purpose of . . . [entering] a statement of reasons addressing the bail factors set out at 18 U.S.C. § 3143(b)." Id. at p. 1.

II. **Standard**

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." Fed. R. Crim. P. 46(c). Congress enacted this provision to "reverse the presumption in favor of bail that had been established under the prior statute." United States v.

Miller, 753 F.2d 19, 22 (3d Cir. 1985). Pursuant to section 3143, however, "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment . . . will be detained pending appeal." United States v. Vázquez-Botet, Case No. 04-160, 2007 U.S. Dist. LEXIS 7084, at *4 (D.P.R. Jan. 30, 2007) (Fusté, J.) (citing United States v. Colón-Muñoz, 292 F.3d 18, 20 (1st Cir. 2002)). To prevail, Rodríguez must establish by clear and convincing evidence that: (1) she is "not likely to flee or pose a danger to the safety of any other person or the community if released," (2) that her "appeal is not for the purpose of delay," and (3) that the appeal "raises a substantial question of law or fact" that is likely to result in, *inter alia*, a reversal or reduced sentence. 18 U.S.C. § 3143(b)(1); see United States v. Colón-Berríos, 791 F.2d 211, 214 n.4 (1st Cir. 1986) ("In enacting § 3143, Congress placed the burden as to *all* elements bearing on whether to grant bail pending appeal on defendants.").

To determine whether a defendant has raised a substantial question of law on appeal, courts engage in a two-pronged analysis. United States v. Zimny, 857 F.3d 97, 99 (1st Cir. 2017). To fulfill the "substantiality prong," the defendants must present "a close question or one that very well could be decided the other way." Id. at 100 (citing United States v. Bayko, 774 F.2d 516, 523 (1st Cir. 1985)). After identifying the substantial question of law, courts consider the "likelihood prong." Id. Courts

presume "that the substantial question of law is determined favorably to defendant on appeal." Id. (citation and quotation omitted). Moreover, the error cited in the defendants' appeals "must not be harmless or unprejudicial." Bayko, 774 F.2d at 523.

## III. Discussion

In response to the Court of Appeal's order, the Court now states its reasons for denying bail for Rodríguez.

First, Rodríguez has been convicted, and "it is presumed that an individual convicted of an offense and sentenced to a term of imprisonment [. . .] will be detained pending appeal." United States v. Vázquez-Botet, supra, at *4.

Second, just because she is characterized as a courier or mule transporting drugs, does not make her less culpable than others who may have been involved in the efforts to ship drugs to the continental United States. The Court held at the sentencing hearing and reiterates in this Memorandum and Order that "couriers are not automatically a minimal participant [reduction]." United States v. Ruiz, 999 F.3d 742, 750 (1st Cir. 2021) ("[To] the extent that Ruiz implies drug couriers should automatically receive a mitigating role reduction, we have previously rejected this argument and do so here again.") (quoting United States v. Vargas, 560 F3d 45, 51 (1st Cir. 2009) ("The appellant seems to assume that couriers are automatically entitled to mitigation role adjustments. That is an incorrect assumption.")).

Third, Rodríguez was close to the person who recruited her to transport the 14 kilograms of cocaine. Indeed, they lived in the same neighborhood. They were friends, and she knew her friend recruited others to transport drugs.

Fourth, Rodríguez's cellular phone contained evidence that she herself recruited either her sister or her brother, another person involved in the drug trafficking organization of which she was part and parcel.

Fifth, while she was transported to the airport, a stop was made somewhere to pick up the suitcase which contained the 14 kilograms of cocaine she was going to transport.

All mitigating circumstances provided on behalf of Rodríguez were considered by the Court when it pronounced its sentence. The Court, as it may, did not give these circumstances the same weight it did others. See United States v. Colón-Rodríguez, 696 F.3d 102, 108 (1st Cir. 2012) ("That the court chose to attach less significance to certain mitigating circumstances than Colón thinks they deserved does not make his sentence substantively unreasonable . . . As we have said, the weighing of different sentencing factors is largely within the court's informed discretion.") (internal citation and quotation omitted); United States v. Houston, 857 F.3d 427, 438-39 (1st Cir. 2017) (holding that "mitigating circumstances did not require a lesser sentence," because the "district court was well within its discretion in

Case 3:21-cr-00484-FAB   Document 115   Filed 01/31/24   Page 6 of 8
Criminal No. 21-484 (FAB)                                              6

determining how much weight to give the various [section 3553(a)] factors]"); United States v. Gierbolini-Rivera, 900 F.3d 7, 15 (1st Cir. 2018) (rejecting the appellants argument that the "district court placed too little weight on the mitigating factors," because district courts are "afforded broad discretion in weighing the § 3553(a) factors to determine the sentence").

Based on a total offense level of 23 and a criminal history category of I, Rodríguez's guideline imprisonment range was 46 to 57 months of imprisonment. (Presentence Investigation Report, Docket No. 57 at p. 11.) This Court imposed two 46-month terms of imprisonment, a sentence at the lower-end of the guideline range. (Docket No. 86.) "Within-guideline sentences are entitled to a presumption of reasonableness." United States v. Rodríguez-Adorno, 852 F.3d 168, 178 (1st Cir. 2017); United States v. Pelletier, 469 F.3d 194, 204 (1st Cir. 2006) ("[A] defendant who attempts to brand a within-the-range sentence as unreasonable must carry a heavy burden."). Rodríguez entered a knowing and voluntary plea of guilty, accepting responsibility for attempting to traffic 14 kilograms of cocaine. Evidence of her guilt is robust. Rodríguez has no colorable basis to appeal her conviction or sentence. Accordingly, her motion for bail pending an appeal is **DENIED**. (Docket No. 95.)

Failure to satisfy the third prong of the section 3143(b) analysis negates the need to address risk of flight or alleged

attempts to delay. Judicial restraint compels this Court to resolve only those issues that are dispositive to a dispute. See United States v. Ortiz-Carrasco, 863 F.3d 1, 4 (1st Cir. 2017) ("[J]udges – unlike academicians – are not at liberty to scratch every intellectual itch."); Valley Forge Ins. Co. v. Health Care Mgmt. Ptnrs, LTD., 616 F.3d 1086, 1094 (10th Cir. 2010) ("Judicial restraint, after all, usually means answering only the questions we must, not those we can.") (citing PDK Labs., Inc. v. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment) ("If it is not necessary to decide more, it is necessary not to decide more.")); see e.g., Magee v. Harshbarger, 16 F.3d 469, 472 (1st Cir. 1994) ("Because the cause and prejudice requirement is conjunctive, we need not consider the latter element where the former has not been satisfied."). Accordingly, the Court refrained from determining whether Rodríguez posed a danger to the safety of others or is likely to flee. This analysis is superfluous. Indeed, courts in this jurisdiction frequently adjudicate motions for bail pending appeal without addressing the first requirement of section 3143(b). See United States v. McDonough, 2011 U.S. App. LEXIS 26656, at *2 (1st Cir. Nov. 14, 2011) (denying a motion for bail pending appeal solely because the appellant failed to satisfy the second requirement of section 3143); United States v. Stone, Case No. 10-167, 2012 U.S. Dist. LEXIS 63158, at *9 n.2 (D. Me. May 4, 2012)

(denying a motion for bail pending appeal, noting that "the Government does not contend that Mr. Stone is likely to flee or that he poses a danger to the safety of others . . . and this Court therefore addresses only whether the appeal poses a substantial question of law or fact under § 3142(b)(1)(B)").

## IV. Conclusion

For the reasons set forth above, Rodríguez's motion for bail pending appeal (Docket No. 95) is **DENIED.**

The Clerk is directed to transmit this Memorandum and Order to the Court of Appeals without delay.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 31, 2024.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        SENIOR UNITED STATES DISTRICT JUDGE